[Cite as *Garfield Hts. v. Poree*, 2025-Ohio-1065.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF GARFIELD HEIGHTS, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114308 |
| v. | : | |
| CHRISTOPHER POREE, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 27, 2025

Criminal Appeal from the Garfield Heights Municipal Court
Case No. CRB 2301601

### *Appearances:*

Edward Fadel, City of Garfield Heights Chief Prosecutor, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Rick Ferrara, Assistant Public Defender, *for appellant.*

MICHAEL JOHN RYAN, P.J.:

{¶ 1} Defendant-appellant Christopher Poree challenges his misdemeanor theft conviction, which was rendered after a bench trial, as being against the

manifest weight of the evidence.[1]  After a thorough review of the facts and pertinent law, we affirm.

{¶ 2} The record demonstrates that Poree and the victim had been in an intimate relationship, during which Poree lived with the victim at her house.  At the time of the subject incident, Poree and the victim were no longer dating and they had animosity toward one another.  Some of Poree's belongings remained in the victim's garage after the breakup.  The victim testified that she attempted to arrange a time for Poree to retrieve his belongings from her garage but Poree failed to follow the plan.

{¶ 3} The victim's son testified that on the day of the incident, which was after the breakup, he was home at his mother's house — his mother was not home at the time — and saw Poree come onto the property, go into the garage, and remove items.  According to the son, some of the items belonged to Poree and some belonged to his mother.  For example, he testified that a couple of days before the incident he cut the grass and there were two lawnmowers in the garage — one belonged to his mother and one belonged to Poree.  After Poree left that day, both lawnmowers were gone.  The son called his mother, who immediately returned home, surveyed what Poree took, and called the police.  The victim admitted that some of what Poree took was his but testified that he took the following items that belonged to her:  an edger, two snow shovels, an echo weed wacker, a lawn mower, and tools.  The victim

---

[1] Poree was also charged with telecommunications harassment.  The trial court found him not guilty of the charge.

testified that, with the help of her son, she purchased the lawn mower, which was used, from a site called "OfferUp" for $180, and she purchased the weed wacker from either Walmart or Home Depot for $226. As of the time of trial, Poree had not returned the items.

{¶ 4} Poree testified. He admitted his criminal history but testified that since his release from prison in 2019, he was a changed man. However, he did acknowledge that he had a new conviction for having weapons while under disability. Poree admitted that he went to the victim's house and took items from her garage but maintained that he only took his belongings. Poree maintained that the victim had mental-health issues that caused her to fabricate that he took some of her property.

{¶ 5} On this testimony, the trial court found Poree guilty of theft, a misdemeanor of the first degree under R.C. 2913.02. The trial court sentenced him to a 180-day suspended jail term and placed him on community-control sanctions for one year. In his sole assignment of error, Poree contends that the conviction was against the manifest weight of the evidence.

{¶ 6} When evaluating a claim that a verdict is against the manifest weight of the evidence, "we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial." *State v. Wilks*, 2018-Ohio-1562, ¶ 168, citing *State v. Thompkins*, 78 Ohio

St.3d 380, 387 (1997). Reversing a conviction based upon the weight of the evidence should occur "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at *id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶ 7} R.C. 2913.02, governing theft, provides in relevant part that "[n]o person, with purpose to deprive the owner of property . . . shall knowingly obtain or exert control over . . . the property . . . [w]ithout the consent of the owner or person authorized to give consent."

{¶ 8} Poree contends that "[w]ithout physical evidence, the trial court should not have relied on [the victim's] testimony to meet the City of Garfield Heights's burden beyond a reasonable doubt." He points to alleged inconsistencies in the victim's testimony in comparison to her son's testimony. It is well settled that "'a conviction is not against the manifest weight of the evidence simply because the [trier of fact] rejected the defendant's version of the facts and believed the testimony presented by the state.'" *State v. Jallah*, 2015-Ohio-1950, ¶ 71 (8th Dist.), quoting *State v. Hall*, 2014-Ohio-2959, ¶ 28 (4th Dist.); *see also State v. Kouame*, 2020-Ohio-3118, ¶ 53 (8th Dist.); *State v. Agnew*, 2024-Ohio-874, ¶ 25 (12th Dist.). This is because the trier of fact is free to believe all, some, or none of the evidence presented by the State or defense at trial. *State v. Smith*, 2010-Ohio-4006, ¶ 16 (8th Dist.).

{¶ 9} This is not the exceptional case in which the evidence weighs against the conviction. The victim's son testified that Poree came to his mother's house,

went into the garage, and removed items. He admitted that some of the items he saw Poree taking were his but some were his mother's too. When the victim arrived home, she surveyed the items in her garage and identified her items that were missing. That the trial court believed the victim and her son is not incredulous.

{¶ 10} Poree's conviction was not against the manifest weight, and Poree's sole assignment of error is overruled.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR